UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIOVER HERMES RAMIREZ NUNEZ,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

No. 1:26-cv-06490-DAD-CKD

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS, AND DENYING PETITIONER'S MOTION TO APPOINT COUNSEL AS MOOT

(Doc. Nos. 1, 2, 3)

On August 14, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2)[1] and a motion to appoint counsel (Doc. No. 3).

On August 18, 2026, the court construed petitioner's petition for writ of habeas corpus as including a motion for temporary restraining order. (Doc. No. 6.) The court also set a briefing schedule as to petitioner's motions and directed respondents to address whether any provision of

/////

[1] Petitioner's application makes the showing required by 28 U.S.C. § 1915(a)(1) and is therefore granted.

law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (*Id.*)

On August 19, 2026, respondents filed an opposition to petitioner's petition for writ of habeas corpus. (Doc. No. 7.) Therein, respondents state that petitioner is a native and citizen of Cuba, an immigration judge ordered petitioner removed to Cuba on August 7, 2023, petitioner was released on OSUP, following re-detention petitioner has been informed that ICE intends to remove him to Mexico, and on July 24, 2026 he was served with a Notice of Failure to Comply for refusing to "cooperate with his removal." (*Id.* at 2.) Respondents also stated no opposition to the court ruling on the petition based upon the briefing presently before it despite being invited to do so. (*See* Doc. No. 6.)

The court incorporates and adopts the reasoning set forth in its decision in *Obando Vargas v. Blanche*, No. 1:26-cv-05343-DAD-AC (HC), (E.D. Cal. July 7, 2016), where it explained that respondents' argument that they may extend petitioner's detention to effect removal because he has declined to cooperate with his removal to a third-country to which he has not been ordered removed is frivolous. The court further adopts its reasoning set forth in *Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC (HC), 2025 WL 2791778, at *4–5 (E.D. Cal. Aug. 20, 2025) and *Ruiz-Acosta v. Central Valley Annex*, No. 1:26-cv-04371-DAD-JDP (HC), 2026 WL 1846727, at *3 (E.D. Cal. June 26, 2026), and concludes that respondents have not demonstrated changed circumstances regarding the likelihood of petitioner's removal in the reasonably foreseeable future as is required to justify revocation of petitioner's release and his detention. Accordingly, the court will grant the pending petition.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner Diover Hermes Ramirez Nunez, A-File No. 201-343-885, from respondents' custody on the conditions, if any, he was subject to prior to his recent re-detention;

b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

3. Petitioner's motion to appoint counsel (Doc. No. 3) is DENIED as having been rendered moot by this order granting *habeas* relief;

4. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **August 20, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE